**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

MICHAEL SUSSMAN,

      Plaintiff,

      v.

UNITED STATES MARSHALS SERVICE,

      Defendant.

Civil Action No.03-610 (HHK)

## MEMORANDUM ORDER

In this case, Michael Sussman proceeding pro se, alleges that the United States Marshals Service ("Marshals Service") violated both the Privacy Act, 5 U.S.C. § 522a, and the Freedom of Information Act ("FOIA"), 5 U.S.C. § 522. This Court granted summary judgment in favor of the Marshals Service, and Sussman appealed. The United States Court of Appeals for the District of Columbia Circuit affirmed part of this Court's decision, and vacated and remanded the remainder for further proceedings. *See Sussman v. United States Marshals Service,* 494 F.3d 1106, 1124 (D.C. Cir. 2007). Since the Circuit Court rendered its opinion, the Marshals Service has released additional documents to Sussman, and both parties have changed their positions with respect to exemptions claimed and disputed prior to the Circuit Court's decision. Thus, some disputes that predate the Circuit Court's opinion have been resolved, others have not, and new ones are presented to this Court for the first time. Now before the Court is the Marshals Service's motion for summary judgment and Sussman's motion for partial summary judgment and limited discovery. Because neither party has established an absence of a genuine issue of material fact

and that it is entitled to judgment as a matter of law, the summary judgment motions submitted by both parties will be denied without prejudice. Because discovery is not warranted at this point, Sussman's motion for limited discovery will also be denied without prejudice.

## I. FOIA EXEMPTIONS

The parties continue to dispute at least some of the FOIA exemptions claimed by the defendant. The record submitted does not permit the Court to determine exactly which exemptions as to which redacted portions of which documents Sussman challenges. The information submitted by the Marshals Service in its *Vaughn* index, together with its declarations, is insufficient to support a determination that the Marshals Service has justified its nondisclosure decisions.

Therefore, the Court will require the parties to submit a record that will afford the Court a basis upon which to resolve the parties' disputes. *See Voinche v. F.B.I.,* 412 F. Supp. 2d 60, 65 (D.D.C. 2006) (stating that a court may require a more detailed *Vaughn* index if the one submitted is not detailed enough to allow a court to determine whether FOIA exemptions were legitimately claimed). The parties shall meet and confer, repeatedly if necessary, in order to narrow their disputes and prepare a clear record for the Court.[1] At a minimum, Sussman will be required to precisely identify for the Marshals Service each disputed redaction, and the Marshals Service will be required to prepare a submission that:

(1) addresses ***only*** the nondisclosures that remain in dispute;

_____

[1] If at this juncture, or at any time, the parties wish to mediate their dispute either with the assistance of a magistrate judge or the Court's Alternative Dispute Resolution program, the parties are encouraged to so notify the Court.

(2) is accompanied by copies of all the pages that have been released to Sussman with disputed partial nondisclosures, so as to show the location and extent of each redaction and the precisely correlated exemption(s) asserted for each redaction (these pages should bear unique identifiers for ease of reference by the parties and the Court, e.g., page numbers or Bates-stamps applied for this purpose);

(3) includes a sworn statement that, by reference to the unique page identifier, provides for each redaction on each page a nonconclusory description[2] of the redacted information that explains how the asserted exemption applies.

*See id.* The parties shall confer and jointly propose a date by which this new record for the Court will be submitted.

## II. PRIVACY ACT CLAIMS

Sussman asserts three Privacy Act claims: a failure to provide him access to his records, a failure to comply with the nondisclosure provisions, and a failure to account for allegedly improper disclosures of his records. *See* 5 U.S.C. § 552(a)(d)(1) (governing access of subject records); § 552a(b) (governing nondisclosure of subject information); § 552a(c) (governing accounting of disclosures of subject records). All these claims depend in the first instance on a determination of what information the Marshals Service has on Sussman that is subject to the access, nondisclosure, and accounting provisions of the Privacy Act, a disputed issue.

---

[2] Describing withheld information as "internal information" *Vaughn* index, Aug. 29, 2008, [filed at docket entry 75] at 4, 5, 6, or as "predominantly internal and which, if released, would risk circumvention of the law," Mem. in Supp. of Def.'s Mot. for Summ. J., Suppl. Declaration of William E. Bordley, Oct. 24, 2008, ¶ 10, is not adequate as a ***nonconclusory description that explains*** the application of FOIA exemption (b)(2).

This Circuit has determined that the Privacy Act provisions implicated in this case apply only to records maintained in a "system of records," and that a "system of records" for these purposes is one in which information about individuals is, in actual practice, retrieved by the individual's name. *See Henke v. U.S. Dep't of Commerce,* 83 F.3d 1453, 1459-61 (D.C. Cir. 1996); *accord Krieger v. U.S. Dep't of Justice,* 529 F. Supp. 2d 29, 41-42 (D.D.C. 2008).

> This is not to suggest that an agency may simply refuse to acknowledge that it maintains a system of records and thereby insulate itself from the reach of the Privacy Act. To the contrary, if there is evidence that an agency in practice retrieves information about individuals by reference to their names, the mere fact that the agency has not acknowledged that it operates a system of records will not protect it from the statutory consequences of its actions. On the other hand, there is no magic number of incidental or ad hoc retrievals by reference to an individual's name which will transform a group of records into a system of records keyed to individuals.

> One factor in deciding whether such a system exists, obviously, is the purpose for which the information on individuals is being gathered . . . . Thus, . . . where information about individuals is only being gathered as an administrative adjunct to a grant-making program which focuses on businesses and where the agency has presented evidence that it has no practice of retrieving information keyed to individuals, the agency should not be viewed as maintaining a system of records. On the other hand, where an agency—such as the FBI—is compiling information about individuals primarily for investigatory purposes, Privacy Act concerns are at their zenith, and if there is evidence of even a few retrievals of information keyed to individuals' names, it may well be the case that the agency is maintaining a system of records. We hold therefore that in determining whether an agency maintains a system of records keyed to individuals, the court should view the entirety of the situation, including the agency's function, the purpose for which the information was gathered, and the agency's actual retrieval practice and policies.

*Henke,* 83 F.3d at 1461. Given the function of the Marshals Service, Privacy Act concerns are at their zenith. Whether Sussman's records are part of a "system of records" depends in large part on the purpose for which the information was gathered and the Marshals Service's actual retrieval practice and policies.

The Marshals Service's declarations in this case do not disclose its actual retrieval practice and policies. *See* Mem. in Support of Def.'s Mot. for Summ. J., Suppl. Decl. of William E. Bordley, Oct. 24, 2008 ("Bordley Decl."); Reply in Supp. of Def.'s Mot. for Summ. J., Second Suppl. Decl. of William E. Bordley, Dec. 12, 2008. The Marshals Service states that it conducted "a search for records pertaining to" Sussman at several of its district offices, and that it located records on Sussman in its office in the Western District of Pennsylvania and in its headquarters for the Investigative Services and Judicial Security Divisions. Bordley Decl. ¶ 19. The Marshals Service does not disclose the method by which these records were retrieved or its usual practice of retrieving such records. It claims, however, that "[t]he IC/TIS [Inappropriate Communications/Threat Investigation System] is the **only** Privacy Act system of records wherein records indexed to [Sussman's] name and/or personal identifier are maintained," *id.* (emphasis added), and that it "located no accountings for disclosures for [Sussman's] records in the IC/TIS system," and that there is no evidence of improper disclosures from Sussman's records in that system of records, *id.* ¶ 20. These assertions rest on a presumption to which the Marshals Service is not entitled on this record: that the other records searched are not a "system of records" for Privacy Act purposes.

Because the Marshals Service's declarations do not establish a record that sufficiently explains the purpose for which all of the information on Sussman was gathered, or its actual retrieval practice and policies for the information maintained in various locations on Sussman, the Marshals Service has not established that those records are not part of a "system of records" about Sussman and subject to the Privacy Act provisions giving rise to the claims in this case.[3]

---

[3] It does not help matters that the record is confused by discrepancies between what the Marshals Service's declarations appear to state and what its counsel represents as fact. For

Without resolving that issue in the first instance, there can be no summary judgment on the Privacy Act claims.

## CONCLUSION AND ORDER

Because the record facts do not warrant an award of summary judgment for either party as to any of the issues remaining in dispute, it is hereby

**ORDERED** that Sussman shall identify with precision, and convey to the Marshals Service, each document or redaction in same that remains in dispute; it is further

**ORDERED** that the Marshals Service shall prepare and submit a record such as is described in subpart A of this memorandum order; it is further

**ORDERED** that the parties shall, on or before October 8, 2009, file a jointly proposed date for the submission of such record; and it is further

**ORDERED** that the Marshals Service shall, on or before October 8, 2009, advise the Court as to whether it intends to attempt again to establish a record capable of supporting an award of summary judgment on the Privacy Act claims, and if so, propose a date by which that record will be submitted.

Date: September 25, 2009

HENRY H. KENNEDY, JR.
United States District Judge

---

example, the sworn declaration states that a document was released "showing the date the USMS closed its only investigative file indexed to plaintiff's name." Bordley Decl. ¶ 8. Yet, counsel asserts that "[h]ere, the evidence is undisputed that the USMS conducted, and then closed, an investigation into Keith Maydak, including for threatening a federal judge, but that USMS never investigated Plaintiff himself." Def.'s Reply in Supp. of its Mot. for Summ. J. at 2, ¶ 1. The law is clear that in such situations the declaration controls, but such apparent contradictions invite concern as to the accuracy and/or clarity of the sworn statements.